IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39908-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| IVAN W. HEDDEN, | ) | |
| | ) | |
| Appellant. | ) | |

MURPHY, J. — Ivan Hedden pleaded guilty to three counts of second degree burglary. The trial court sentenced Hedden to 33 months of incarceration and imposed a $500 fine. He appeals the imposition of the fine. We find that the invited error doctrine applies and deny review of the claimed error.

FACTS

On November 22, 2022, Ivan Hedden was charged with three counts of second degree burglary and one count each of second degree theft, possession of a controlled substance (methamphetamine) with the intent to deliver, and possessing a dangerous weapon.

On February 27, 2023, Hedden and the State entered into a plea deal. The agreement provided that in exchange for Hedden pleading guilty to three counts of second degree burglary, the State would (1) dismiss the other three charged offenses, (2) recommend a 36-month sentence that was within the 33 to 43 month standard

sentencing range, and (3) recommend imposition of a $500 crime victim penalty assessment (VPA) and $500 fine.

In its colloquy with Hedden during the change of plea hearing, the trial court stated and asked: "LFOs [legal financial obligations] are $500 [VPA] and $500 fine, totaling $1,000 with payments to be made, $50 per month beginning 60 days after release. Is that your understanding of the agreement?" Rep. of Proc. (Feb. 27, 2023) at 20. Hedden answered, "Yes, ma'am." *Id.*

At sentencing, the trial court imposed 33 months of incarceration on each second degree burglary count, to be run concurrently, declined to impose the $500 VPA due to Hedden's indigency and recent changes in the law, imposed a $500 fine, waived interest on restitution, and dismissed the other three pending charges. At no point in the proceedings did Hedden object to the $500 fine.

Hedden now appeals.

## ANALYSIS

For the first time on appeal, Hedden contends (1) the trial court's assessment of a $500 fine violated the constitutional prohibition against excessive fines, and (2) the trial court failed to conduct an inquiry into his ability to pay the fine. The State responds that the $500 fine was not excessive and that the invited error doctrine precludes relief.

Hedden declined to challenge imposition of a $500 fine in the trial court. He consented, in writing and orally, to the imposition of $1,000 in LFOs. Hedden also consented to begin payments on LFOs at the rate of $50 per month commencing 60 days after release from incarceration or when funds became available while incarcerated. At sentencing, the trial court found Mr. Hedden indigent and reduced the agreed LFOs to a $500 fine.

The invited error doctrine prevents a criminal defendant from obtaining relief on appeal from an alleged error they helped create in the trial court, even when the error is one of constitutional magnitude. *See State v. Studd*, 137 Wn.2d 533, 546-47, 973 P.2d 1049 (1999). In determining whether the invited error doctrine applies, our consideration includes whether the defendant affirmatively assented to the error, materially contributed to the error, or benefitted from the error. *State v. Momah*, 167 Wn.2d 140, 154, 217 P.3d 321 (2009); *see also In re Dependency of K.R.*, 128 Wn.2d 129, 147, 904 P.2d 1132 (1995).

Here, Hedden affirmatively assented to the alleged error and materially contributed to the same when he negotiated with the State to resolve all charges pending against him. He substantially benefited from the alleged error in light of the negotiated plea securing dismissal of two felony charges and one misdemeanor charge, which lowered his offender score and sentencing range. Under the invited error doctrine,

3

Hedden is precluded from obtaining relief from an error he helped create, materially

contributed to, and benefited from.

CONCLUSION

We deny review of the claimed error.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____  _____
Fearing, J.             Cooney, J.

4